# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HARDAGE HOTELS II, L.P.,[1] | ) | Case No. 11-10518 (BLS) |
| | ) | |
| Debtor. | ) | |

Hearing Date: To be scheduled
Objection Deadline: To be scheduled

## APPLICATION OF THE DEBTOR PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

Hardage Hotels II, L.P., as the debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby seeks entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules" or "Del. Bankr. LR") authorizing the Debtor's retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel for the Debtor effective as of February 22, 2011 (the "Petition Date"). In support of the Application, the Debtor relies on (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure and Section 329 of the Bankruptcy Code*, and (ii) the *Affidavit of Bruce Grohsgal in Support of Application of the Debtor Pursuant to Section 327(a) of The Bankruptcy Code, Rule 2014 of The Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for The Debtor and Debtor in Possession Effective as of the Petition*

---

[1] The last four digits of the Debtor's federal tax identification number is (3250). The Debtor's address is 1380 Piccard Drive, Rockville, MD 20850.

*Date* (the "Grohsgal Affidavit"), which are being submitted concurrently with the Application. In support of this Application, the Debtor respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief sought herein are sections 327(a), 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

### Background

3. On February 22, 2011 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or committee has been appointed in the Debtor's chapter 11 case.

### Relief Requested

5. By this Application, the Debtor seeks to employ and retain PSZ&J as its bankruptcy counsel with regard to the filing and prosecution of this chapter 11 case and all related proceedings. Accordingly, the Debtor respectfully requests the entry of an order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing it to employ and retain PSZ&J as its bankruptcy counsel under a general retainer to perform the legal services that will be necessary during this chapter 11 case, pursuant to the terms set forth in the Application and the Grohsgal Affidavit, effective as of the Petition Date.

2

6. The Debtor seeks to retain PSZ&J as its counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code and because of the Firm's expertise, experience and knowledge practicing before this Court. In preparing for its representation of the Debtor in this case, PSZ&J has become familiar with the Debtor's businesses and affairs and many of the potential legal issues which may arise in the context of this chapter 11 case.

7. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The principal attorneys and paralegals presently designated to represent the Debtor and their current standard hourly rates, as of January 1, 2011, are:

| | |
|---|---|
| Bruce Grohsgal | $705.00 |
| Peter J. Keane | $345.00 |
| Louise Tuschak | $245.00 |

8. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtor in connection with the matters described herein.

9. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is PSZ&J's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval

charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to PSZ&J's other clients. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

10. The professional services that PSZ&J will render to the Debtor include, but shall not be limited to, the following:

    a) providing legal advice with respect to the Debtor's powers and duties as a debtor in possession in the continued operation of its business and management of its property;

    b) preparing on behalf of the Debtor necessary applications, motions, answers, orders, reports, and other legal papers;

    c) appearing in Court on behalf of the Debtor and in order to protect the interests of the Debtor before the Court;

    d) preparing and pursuing confirmation of a plan and approval of a disclosure statement; and

    e) performing all other legal services for the Debtor that may be necessary and proper in this proceeding.

11. To the best of the Debtor's knowledge, except as otherwise disclosed in the Grohsgal Affidavit submitted concurrently herewith, PSZ&J has not represented the Debtor, its

creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtor or its estate.

12. To the best of the Debtor's knowledge, PSZ&J does not hold or represent any interest adverse to the Debtor's estate, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtor and its estate, subject to the following material disclosure:

> a) PSZ&J is proposed counsel to Hardage Hotels VIII, LLC in its chapter 11 bankruptcy case, *In re Hardage Hotels VIII, LLC*, Case No. 11-10210 (BLS) (Bankr. D. Del.). Hardage Hotels VIII, LLC is an affiliated entity which is wholly-owned by non-debtor Hardage Suite Hotels, LLC. Hardage Suite Hotels, LLC is also an indirect owner of the Debtor.

13. PSZ&J has received payments from the Debtor during the year prior to the Petition Date in the amount of $100,000. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation of its pre-Petition Date fees and expenses as of the Petition Date. Upon final reconciliation of the amount actually expended pre-Petition Date, any balance remaining from the pre-Petition Date payments to the Firm will be credited to the Debtor and utilized as PSZ&J's retainer to apply to post-Petition Date fees and expenses pursuant to the compensation procedures approved by this Court and the Bankruptcy Code.

14. The Debtor understands that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court for all services performed and expenses incurred from the Petition Date.

15. The Debtor, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of this Court, proposes to pay PSZ&J its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Grohsgal

Affidavit, and to reimburse PSZ&J according to its customary reimbursement policies, and submit that such rates are reasonable.

## Notice

16. Notice of this Motion has or will be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtor's prepetition lenders; (c) parties that have requested notice under Bankruptcy Rule 2002; and (d) such other parties entitled to notice pursuant to Local Rule 9013-1(m). The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

17. No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the Application in all respects, and grant such other and further relief it deems just and proper.

Dated: February 28, 2011

                Hardage Hotels II, L.P.,
                a Delaware limited partnership

                By:   HSH II, Inc.,
                        Its General Partner

                By:   Samuel A. Hardage
                Title: President

6

DOCS_DE:168057.2