# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| HARDAGE HOTELS II, LP, | Case No. 11-10518 (BLS) |
| Debtor. | |

## SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO DEBTOR'S MOTION (A) FOR AUTHORIZATION TO (I) UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363; AND (II) PROVIDE ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361 AND 363 AND (B) TO SCHEDULE FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001

CWCapital Asset Management LLC, solely in its capacity as Special Servicer for Bank of America, N.A. (the "Trustee"), as successor by merger to LaSalle Bank National Association, as Trustee for the Registered Holders of Asset Securitization Corporation Commercial Mortgage Pass-Through Certificates, Series 1996-D2 (the "Trust"), by and through its undersigned counsel, hereby files this Supplemental Brief (the "Brief") in Support of Its Opposition (the "Opposition"), [Dkt. No. 23], to the Debtor's Motion (A) for Authorization to (I) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; and (II) Provide Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 and (B) to Schedule Final Hearing Pursuant to Bankruptcy Rule 4001 (the "Motion"). [Dkt. No. 13].

In the Motion, the Debtor requests authority to use the Rents[1] from the Property to pay the operating costs of its Property, as well as the administrative costs of this Bankruptcy Case. As set forth in the Opposition, the Trust objects to the relief requested in the Motion because the Debtor's license to use Rents terminated prior to the Petition Date. As a result, the Rents are not property of the estate, are not cash collateral and cannot be used by the Debtor. See Opposition. Furthermore, even if the Rents are considered property of the estate, the Debtor

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the Opposition.

cannot satisfy the requirements of Bankruptcy Code § 363(b)(2) to allow use of the Rents because the Trust does not consent to the Debtor's use of the Rents and the Debtor cannot provide adequate protection for its use of the Rents. The Trust holds a blanket lien in all of the Debtor's assets, and, pursuant to the Loan Documents and Bankruptcy Code § 552(b)(1) and (2), has replacements liens in the Rents. As a result, the Debtor has no unencumbered assets to provide adequate protection to the Trust in exchange for the Debtor's use of the Rents.

The Trust files this Brief to provide further support for the Opposition and to respond to certain arguments raised by the Debtor at the hearing on March 2, 2011.[2] Specifically, the 1994 amendments to the Bankruptcy Code made it clear that the post-petition replacement liens granted by Bankruptcy Code § 552(b) extend to post-petition revenues from a hotel, motel or other lodging property. Accordingly, the Trust's security interest in the rents, rent equivalents, fees, charges, income and profits from the Property (defined in the Deed of Trust as the "Rents") extends to the post-petition Rents from the Property. Because the Debtor cannot use the post-petition Rents to provide adequate protection to the Trust and lacks any unencumbered assets to otherwise provide adequate protection, the Debtor cannot use the post-petition Rents and the Motion must be denied.

I. **ARGUMENT**

    A. **Pursuant to Bankruptcy Code § 552(b)(2), the Trust has Replacement Liens in the Post-Petition Income from the Property.**

Bankruptcy Code § 552(b)(2) provides that a creditor that holds a pre-petition security interest in

> amounts paid as rents of [the debtor's property] or the fees, charges, accounts or other payments *for the use or occupancy of*

---

[2] The Trust's objections to the Motion raised in the Opposition, which is incorporated as if set forth in full herein, were not overruled or otherwise resolved at the hearing.

BA3/467584

> *rooms and other public facilities in hotels, motels or other lodging properties*, then such security interest extends to such rents and such fees, charges, accounts, or other payments *for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties* acquired by the estate after the commencement of the case *to the extent provided in such security agreement* . . . .

(emphasis added). Bankruptcy Code § 552(b)(2) was added in 1994 to make clear that the replacement lien for rents provided in Section 552(b) applies to the revenues from hotels and motels. See, e.g., COLLIER ON BANKR. ¶ 552.LH[b]. Prior to the Petition Date, the Trust held a security interest and lien in, among other things,

> all leases and other agreements or arrangements heretofore or hereafter entered into affecting the use, enjoyment or occupancy of, or the conduct of any activity upon or in, the Premises and the Improvements, including any extensions, renewals, modifications or amendments thereof (the "**Leases**") and all rents, rent equivalents, moneys payable as damages to or in lieu of rent or rent equivalents, royalties, . . . income, receivables, receipts revenues, deposits, . . . accounts, cash, issues, profits, charges for services rendered, and other consideration of whatever form or nature received by or paid to or for the account of or benefit of [the Debtor] or its agents or employees from any and all sources arising from or attributable to the Premises and the Improvements, including, without limitation, all revenues and credit card receipts collected from guest rooms, restaurants, bars, meeting rooms, banquet rooms and recreational facilities, all receivables, customer obligations, installment payment obligations and other obligations now existing or hereafter arising or created out of the sale, lease, sublease, licenses, concession or other grant of the right of the use and occupancy of property or rendering of services by [the Debtor] or any operator or manager of the hotel or the commercial space located in the Improvements or acquired from others, . . . license, lease sublease and concession fees and rentals, vending machine sales and proceeds, if any from business interruption or other loss of income insurance (the "**Rents**"), together with all proceeds from the sale or other disposition of the Leases and the right to receive and apply the Rents to the payment of the Debt . . . .

See Opposition, Exhibit B, Deed of Trust at pp. 2-3. Therefore, prior to the Petition Date, the Trust held a security interest in all of the Debtor's money, revenue, cash, etc. from all sources,

-3-

including, but not limited to, income arising from charges for the use of hotel rooms, charges for food and beverage, proceeds from vending machines, etc. Consequently, pursuant to Bankruptcy Code § 552(b), the Trust's security interest extends to all post-petition Rents from the Property. See 11 U.S.C. § 552(b)(2); NationsBank, N.A. v. LDN Corp. (In re LDN Corp.), 191 B.R. 320, 324-27 (Bankr. E.D. Va. 1996) (holding that post-petition revenues from hotel held in an account were cash collateral and could not be used by the debtor because the debtor could not provide adequate protection); In re 5877 Poplar, L.P., 268 B.R. 140, 149 (Bankr. W.D. Tenn. 2001) (holding that the post-petition rents and room revenues generated by the hotel were cash collateral and granting use where there was, among other things, an equity cushion to provide adequate protection for such use); In re Resort Inns, Inc., 2004 WL 2201252*2, 4-5 (Bankr. S.D. Ga. 2004) (noting that the purpose of the 1994 amendment to Section 552 was to clarify the treatment of hotel revenues and holding that a creditor's security interest in hotel revenues extends to post-petition revenues pursuant to Section 552(b)(2)).

As established in the Opposition, in order to use the post-petition Rents, the Debtor must provide adequate protection to the Trust *from a source other than the Rents*. See, e.g., In re Buttermilk Towne Ctr., LLC, __ B.R. __, 2010 WL 5185870 *8 (B.A.P. 6th Cir. 2010) (holding that a replacement lien does not provide adequate protection for the debtor's use of rents to pay professional fees, and following the rationale of Stearns Bldg. v. WHBCF Real Estate (In re Stearns Bldg.), 165 F.3d 28, 1998 WL 661071 *4-5 (6th Cir. 1998) ("Debtor's diversion of net rents from WHBCF, if permitted under the circumstances, clearly would diminish WHBCF's interest in the assignment of rents portion of its perfected security interest.")); In re Griswold, LLC, 420 B.R. 666, 699-700 (Bankr. E.D. Mich. 2009) ("A creditor that holds both a mortgage on real property *and* a security interest in rents 'has two distinct

security interests.'" (citation omitted)); In re Las Torres Dev. L.L.C., 413 B.R. 687, 696 (Bankr. S.D. Tex. 2009) ("[I]t is disingenuous to argue that the Debtors can grant replacement liens to the Lender on post-petition rents being generated by the Shopping Center because the Lender already has a lien on the Rents."); Lyons v. Fed. Savs. Bank (In re Lyons), 193 B.R. 637, 649 (Bankr. D. Mass. 1996) ("Bankruptcy Code section 552(b) . . . provides that a mortgagee holding a prepetition assignment of rents may treat post-petition rents as cash collateral entitled to adequate protection."); In re Gramercy Twins Assocs., 187 B.R. 112, 121 (Bankr. S.D.N.Y. 1995) ("[A]n assignment of rents represents a security interest [that] is distinct and separate from the mortgage on the real estate. As the Timbers decision implicitly recognized, each interest deserved equal protection."). Because the Debtor lacks any unencumbered assets to provide adequate protection to the Trust, the Motion must be denied.

## II. **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, the Opposition, and based upon the entire record before the Court in this Bankruptcy Case, the Trust respectfully requests that the Court enter an Order prohibiting the Debtor's use of the Trust's cash collateral, directing the Debtor to segregate and account for the Rents and granting such other and further relief as is just and appropriate under the circumstances of this case.

Respectfully submitted this 8th day of March, 2011.

_____
John C. Phillips, Jr., Esq. (No. 110)
Megan C. Haney (No. 5016)
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
Telephone: (302) 655-4200
Facsimile: (302) 655-4210
jcp@pgslaw.com
mch@pgslaw.com

-5-

BA3/467584

*-and-*

Gregory A. Cross, Esq.
Darek S. Bushnaq, Esq.
Heather Deans Foley, Esq.
Catherine M. Guastello, Esq.
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 244-7400
Facsimile: (410) 244-7742
dsbushnaq@venable.com
hdfoley@venable.com
cmguastello@venable.com

BA3/467584